United States District Court
Southern District of Texas

**ENTERED**

April 29, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANTHONY DENNISON and RITA JOSHUA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-23-3108 |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, Anthony Dennison and Rita Joshua, representing themselves and proceeding

without paying the filing fee, sued the State of Texas, the "Texas Child Protection Agency," John

and Jane Doe, and "all parents in possession of the minor children." (Docket Entry No. 1). They

allege that Texas state employees illegally removed their children from their custody and placed

them in foster care. (*Id.*). After screening the complaint as required under 28 U.S.C. § 1915(e)(2),

the court ordered the plaintiffs to show cause why their action should not be dismissed as failing

to allege claims upon which relief could be granted in the federal courts. (Docket Entry No. 6).

The plaintiffs' responses were originally due on February 15, 2024. (*Id.*). In late February, each

of the plaintiffs filed a motion for extension of time to respond to the order to show cause. (Docket

Entry Nos. 7, 8). The court granted these motions and extended the deadline to respond to the

order to show cause until April 5, 2024. (Docket Entry No. 10). To date, neither plaintiff has

responded to the order to show cause, and their time to do so has now expired. For the reasons

explained below, the court dismisses this action with prejudice.

I.      **Background**

The plaintiffs are the parents of several children.  They allege that the State of Texas used

"fraudulent means" to take their children from them and then had their children "fraudulently

adopted" to John and Jane Doe, and possibly others.  (Docket Entry No. 1, p. 2).  The plaintiffs

allege that the State took their children without "probable cause" or due process.  (*Id.*).  They also

allege that the State "violated all relevant constitutional rights" during the removal and adoption

proceedings.  (*Id.*).  The plaintiffs ask this court "to allow them to prosecute civil suit actions."

(*Id.*).

This is not the plaintiffs' first attempt to have the federal court intervene in the State's

actions relating to the removal of their children.  The plaintiffs previously litigated issues relating

to the removal of their children in *Joshua v. Foreman, et al.*, No. 4:18-cv-2283 (S.D. Tex. May 9,

2019).  The court dismissed their claims in that action against the State of Texas and the Texas

Department of Child Protective Services on the grounds of sovereign immunity and the

*Rooker/Feldman*[1] doctrine.  *Id.* at Dkts. 87, 105.  The court dismissed the plaintiffs' claims against

various state employees as barred by the employees' qualified immunity.  *Id.*  And the court

dismissed the plaintiffs' claims against the children's foster parents as frivolous.  *Id.*  The plaintiffs

appealed, but the Fifth Circuit dismissed their appeal for lack of jurisdiction.  *See Joshua v.*

*Foreman, et al.*, Appeal No. 19-20812 (5th Cir. June 10, 2020).

It is not clear from the plaintiffs' current complaint whether they are seeking relief from

the same state-court child-custody judgments that were at issue in their earlier federal action or

---

[1]The *Rooker/Feldman* doctrine arises from the United States Supreme Court cases of *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

whether there are new and different child-custody proceedings relating to their children.  Under either circumstance, the legal issues concerning their right to seek relief in this court are the same.

## II.     The Legal Standards.

### A.     Actions Under 42 U.S.C. § 1983.

The plaintiffs bring their claims under 42 U.S.C. § 1983.  "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights."  *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).  When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim.  *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

### B.     Review Under 28 U.S.C. § 1915.

Because the plaintiffs are proceeding without paying the filing fee, the court must examine the legal and factual basis of their complaint and dismiss the action if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint is "frivolous" for purposes of § 1915(e)(2)(B)(i) "if it lacks an arguable basis in law or fact."  *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v.*

*Hernandez*, 504 U.S. 25, 31-32 (1992)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

The question of whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B)(ii) is determined by the same standard that applies under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Rogers*, 709 F.3d at 407.  Under that standard, the court considers whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In making this analysis, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief."  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).  Because the determination of whether a claim is frivolous or fails to state a claim may be made before docketing, the court may dismiss a complaint under § 1915 even before service on the defendants.  *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.    Pleadings from Self-Represented Litigants.

The plaintiffs are representing themselves.  Courts construe pleadings filed by self-represented litigants under a less stringent standard of review.  *See Haines v. Kerner*, 404 U.S.

4

519, 520 (1972) (per curiam).  Under this standard, "[a] document filed *pro se* is 'to be liberally

construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even under this liberal

standard, self-represented litigants must still "abide by the rules that govern the federal courts."

*E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  They must also "properly plead

sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants,

obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief

arguments on appeal." *Id.* (cleaned up).

### III.    Discussion

Accepting the plaintiffs' allegations as true, as the court must at this stage, five separate

legal grounds compel the dismissal of this action.

### A.    Eleventh Amendment Immunity.

The Eleventh Amendment bars the plaintiffs from suing the State of Texas or any of its

agencies in federal court unless Congress has waived that immunity or the State has consented to

be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02 (1984) ("[I]n the

absence of consent[,] a suit in which the State or one of its agencies or departments is named as

the defendant is proscribed by the Eleventh Amendment.").  Congress did not abrogate the states'

Eleventh Amendment immunity for civil rights claims.  *See Will v. Mich. Dep't of State Police*,

491 U.S. 58, 66 (1989); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir. 1981).  And

the State of Texas has not waived its immunity to suit in federal court for such claims.  *See*

*Aguilar v. Tex. Dep't of Crim. Just.,* 160 F.3d 1052, 1054 (5th Cir. 1998); *Tex. A & M Univ. Sys. v.*

*Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver,

and to date it has not seen fit to do so.").  The plaintiffs' claims against the State of Texas and the

Texas Department of Child Protective Services are barred by the Eleventh Amendment.

>    **B.    The *Rooker/Feldman* Doctrine.**

The *Rooker/Feldman* doctrine deprives federal district courts of subject-matter jurisdiction

over claims that are collateral attacks on the final judgment of a state court.  *See Dist. of Columbia*

*Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415

(1923).  A plaintiff in federal court "cannot circumvent this jurisdictional limitation by asserting

claims not raised in the state court proceedings or claims framed as original claims for relief" if

those claims are "inextricably intertwined" with a state-court judgment.  *United States v. Shepherd*,

23 F.3d 923, 924 (5th Cir. 1994).   Instead, constitutional questions arising in state-court

proceedings must be resolved by the state courts, with federal recourse available only through an

application for a writ of certiorari to the United States Supreme Court.  *See Liedtke v. State Bar of*

*Texas*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Feldman*, 460 U.S. at 482 n.16; *Reed v. Terrell*,

759 F.2d 472, 473-74 (5th Cir. 1985).

The plaintiffs' complaint indicates that the issue of their children's custody has been

litigated in the state courts and a final order of adoption has been entered.  The plaintiffs raise

issues that are "inextricably intertwined" with the state court's order terminating their parental

rights.  If there is a final state-court judgment in the child-custody matter that has terminated the

plaintiffs' parental rights, this court must give effect to it.  *See* 28 U.S.C. § 1738.   The

*Rooker/Feldman* doctrine deprives this court of jurisdiction to entertain the plaintiffs' action to

attack that judgment.

**C.      The *Younger* Doctrine.**

The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction over requests for injunctive relief based on constitutional challenges to on-going state-court proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.").  For the *Younger* doctrine to apply, "(1) the dispute must involve an 'ongoing state judicial proceeding;' (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges."  *Wightman-Cervantes v. State*, No. 3-03-CV-3025, 2004 WL 2512208, at *2 (N.D. Tex. Nov. 5, 2004) (citing *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996)). Family law and child custody matters implicate important state interests.  *See Moore v. Sims*, 442 U.S. 415, 434 (1979).  And federal courts "assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Because of this, the *Younger* doctrine requires federal courts to refuse to exercise jurisdiction when a state proceeding is pending and the state appellate processes have not been exhausted.  *See Wightman-Cervantes,* 2004 WL 2512208 at *3.  If there is not yet a final state-court judgment in the child-custody matter, the *Younger* doctrine bars the plaintiffs' action from proceeding in this court.

**D.      The Domestic Relations Exception.**

The domestic relations exception to federal jurisdiction requires a federal district court to avoid becoming embroiled in child custody matters that are matters of state law.  *See Rykers v. Alford,* 832 F.2d 895 (5th Cir. 1987).  Federal courts have traditionally refused to consider child

custody cases, reasoning that "(1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id.* at 899–900. By filing this complaint, the plaintiffs ask this federal court to make determinations on matters better and often addressed by the state courts. Their claims are barred by the domestic relations exception to federal jurisdiction.

E.      **Non-State Actors.**

The plaintiffs' claims against John and Jane Doe and any other adoptive or foster parents, all of whom are private parties, do not state a claim under § 1983. Civil rights actions provide "a federal forum for claims of unconstitutional treatment at the hands of state officials" or those working in concert with them. *Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 185 (2019) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state an actionable civil rights claim, a plaintiff must allege that the defendants, while acting under color of state law, deprived the plaintiffs of a right secured by the United States Constitution, or a federal statute, or both. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). To act "under color of state law," the defendant must be either an officer of the state or "a willful participant in joint action with the State or its agents." *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

The plaintiffs do not allege any actions by John or Jane Doe or the other "parents in possession of the minor children" that would show that they violated the plaintiffs' constitutional rights or that they were acting under color of state law by adopting or fostering the plaintiffs'

8

children. The claims against John and Jane Doe and any other foster parents fail to state a claim upon which relief can be granted.

## IV. Conclusion

The plaintiffs' complaint, (Docket Entry No. 1), is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Any pending motions are denied as moot.

SIGNED on April 26, 2024, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge